**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |
|---|---|
| HUNTER DEMSTER *et al.*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*, *et al.*,<br><br>     *Defendants*. | Case No. 26–cv–02546 |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler respectfully move the Court to enter a preliminary injunction against Defendants Todd Blanche, Gadyaces Serralta, Tyreece L. Miller, Chad Hunt, Markwayne Mullin, Todd Lyons, John Condon, Colin Jackson, Rodney Scott, Michael Banks, Matt Perry, and Steven J. Mulroy. Plaintiffs seek an order:

**(1)** enjoining Defendants Blanche, Serralta, Miller, Hunt, Mullin, Lyons, Condon, Jackson, Scott, Banks, and Perry from retaliating against Plaintiffs for gathering information about and recording Memphis Safe Task Force ("Task Force") agents performing their duties in public;

**(2)** enjoining Defendants Perry and Mulroy from applying Section 5 of Tennessee's Protecting Everyone Against Crime and Extremism Act, codified at Tenn. Code Ann. § 39-16-612(a) ("Halo Law"), against Plaintiffs when engaged in information-gathering and recording without impeding, interfering with, or obstructing agents' duties; and

**(3)** granting additional relief as set forth in the attached Proposed Order.

1

In support of this motion, Plaintiffs rely upon the Declarations of Scarlet Kim, Hunter Demster, Jessica Chodor, Kenneth Halt, Melissa Peeler, David Mason, James West, Christopher Kersey, Benjamin Reese, Jordyn Gualdani, and James Pugel, and accompanying exhibits; and a supporting Memorandum of Law.

Plaintiffs seek a preliminary injunction pending disposition of their claims that Defendants' policy, pattern, and practice of retaliation against Plaintiffs for gathering information about and recording the Task Force, and Defendants' application of the Halo Law against Plaintiffs' non-obstructive information-gathering and recording activities, violate the First Amendment to the U.S. Constitution. The "public interest in a free flow of information to the people concerning public officials" is "paramount." *Garrison v. Louisiana*, 379 U.S. 64, 77 (1964). And the First Amendment protects the right to peacefully gather information about government officials discharging their duties in public. *See Hils v. Davis*, 52 F.4th 997, 1002 (6th Cir. 2022) (holding that both the "press and public" have a right to "gather information in public settings" (citation omitted)); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 11 (1978) (describing "an undoubted right to gather news from any source by means within the law" (citation and quotation marks omitted)). Plaintiffs' Memorandum of Law demonstrates that Plaintiffs are likely to succeed on the merits of their claims.

Plaintiffs' Memorandum of Law further demonstrates that a preliminary injunction is necessary to prevent irreparable harm to Plaintiffs. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1078–79 (6th Cir. 1994). Plaintiffs who continue to gather information and record the Task Force while this case

proceeds risk continued retaliation from Defendants as a result. Defendants' policy, pattern, and practice of retaliation has chilled Plaintiffs' willingness to gather information and record as frequently as they otherwise would. Similarly, the Halo Law has unconstitutionally chilled Plaintiffs' speech. Faced with the threat of criminal penalty, Plaintiffs comply when Task Force agents invoke the Halo Law against them, but to the detriment of their information-gathering and recording activities.

The balance of the equities and public interest factors merge in cases involving government actors. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *G & V Lounge, Inc.*, 23 F.3d at 1079 (citation omitted); *see also Jones v. Caruso*, 569 F.3d 258, 278 (6th Cir. 2009) ("[T]he public as a whole has a significant interest in ensuring . . . protection of First Amendment liberties . . . ." (citation omitted)). Because Defendants' policy, pattern, and practice of retaliation against Plaintiffs for recording Task Force activities violates their First Amendment rights, the balance of the equities and public interest weigh in favor of granting a preliminary injunction.

Plaintiffs also respectfully request that the Court exercise its discretion and waive any bond requirement in this case because Defendants are unlikely to sustain any costs or damages as the result of a preliminary injunction and a strong public interest is present. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("[T]he rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security." (citation omitted)); *FemHealth USA, Inc. v. City of Mount Juliet*, 458 F. Supp. 3d 777, 805 (M.D. Tenn. 2020); *Bay Cnty. Democratic Party v. Land*, 347 F. Supp. 2d 404 (E.D. Mich. 2004).

Finally, Plaintiffs request oral argument and believe it would be helpful to the Court due to the importance and complexity of the issues before the Court. Under Local Rule 7.2(a)(2), (c),

3

briefing should be concluded within twenty-one days after service of the motion papers, unless otherwise ordered by the Court.

For the reasons set forth in the accompanying memorandum of law, Plaintiffs respectfully request that Court grant the Motion for a Preliminary Injunction.

Dated: May 28, 2026

Zee Scout (BPR# 042637)
Lucas Cameron-Vaughn (BPR# 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
zscout@aclu-tn.org
lucas@aclu-tn.org

Matthew Borden
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
borden@braunhagey.com

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
benavides@braunhagey.com

Respectfully Submitted,

/s/ Scarlet Kim
Scarlet Kim*
Ken Sexauer*
Brian Hauss*
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
scarletk@aclu.org
ksexauer@aclu.org
bhauss@aclu.org

Faith E. Gay* (Bar No. 2117117)
Corey Stoughton (Bar No. 4152633)
Katherine Buoymaster (Bar No. 6096903)
Sylvia Woodmansee (Bar No. 6136618)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
cstoughton@selendygay.com
kbuoymaster@selendygay.com
swoodmansee@selendygay.com

* Admitted Pro Hac Vice

Attorneys for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.2(a)(1)(B), Plaintiffs' counsel certifies that Plaintiffs' counsel has not consulted with Defendants' counsel to determine if Defendants would consent to the relief requested in this motion because there is currently no counsel of record for Defendants in this action.

Dated: May 28, 2026                    Respectfully Submitted,

*/s/ Scarlet Kim*
Scarlet Kim*
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
scarletk@aclu.org

*Admitted *Pro Hac Vice*

*Attorney for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, I caused Plaintiffs' Motion for a Preliminary Injunction; [Proposed] Order Granting Plaintiffs' Motion for a Preliminary Injunction; Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction; and Declarations of Scarlet Kim, Hunter Demster, Jessica Chodor, Kenneth Halt, Melissa Peeler, David Mason, James West, Christopher Kersey, Benjamin Reese, Jordyn Gualdani, and James Pugel, and accompanying exhibits, to be filed with the Clerk of the Court using the CM/ECF system.

I further certify that by May 29, 2026, I will cause a true and correct copy of the foregoing documents to be served upon the following parties, who have not yet entered a notice of appearance in this action, by Certified Mail addressed as follows:

Todd Blanche
Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530

Gadyaces S. Serralta
Director
U.S. Marshals Service
Office of the Director, U.S. Marshals Service
U.S. Department of Justice
950 Pennsylvania Avenue, NW
CG-3
Washington, DC 20530-0001

Tyreece L. Miller
U.S. Marshal, W.D. Tennessee
United States Marshall for the Western District of Tennessee
Odell Horton Federal Building
167 North Main Street, Suite 1072
Memphis, TN 38103-1837

Chad Hunt
Chief Inspector, U.S. Marshals Service
Commander, Memphis Safe Task Force
U.S. Marshals Service – Northern District of Alabama
Hugo L. Black United States Courthouse
1729 North 5th Avenue, Room 240
Birmingham, AL 35203-2050

Markwayne Mullin
Secretary of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Todd Lyons
Senior Official Performing the Duties of the Director of ICE
United States Immigration and Customs Enforcement
Office of the Principal Legal Advisor
500 12th Street, SW, Mailstop 5900
Washington, DC 20536

John Condon
Acting Executive Associate Director
U.S. Department of Homeland Security
Office of the General Counsel
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Colin Jackson
Acting Special Agent in Charge
HSI Nashville Field Office Location
501 Brick Church Park Drive
Nashville, TN 37207

Rodney Scott
Commissioner
U.S. Customs and Border Protection
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

Michael Banks
Chief
U.S. Border Patrol
Office Of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

D. Michael Dunavant
U.S. Attorney for the Western District of Tennessee
167 North Main Street
Suite 800
Memphis, TN 38103

Matt Perry
Head of the Tennessee Highway Patrol
1150 Foster Avenue
Nashville, TN 37243

Steven J. Mulroy
Shelby County District Attorney General's Office
201 Poplar Avenue, 11th Floor
Memphis, TN 38103

Jonathan Skrmetti,
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Dated: May 28, 2026                    Respectfully Submitted,

                                       */s/ Scarlet Kim*
                                       Scarlet Kim*
                                        AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION
                                       125 Broad Street, 18th Floor
                                       New York, NY 10004
                                       Tel: (212) 549-2500
                                       scarletk@aclu.org


                                       *Admitted *Pro Hac Vice*

                                       *Attorney for Plaintiffs Hunter Demster,
                                       Jessica Chodor, Kenneth Halt, and Melissa
                                       Peeler*