# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 19, 2025

**Before**

MICHAEL B. BRENNAN, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 25-3023

CHICAGO HEADLINE CLUB, et al.,
*Plaintiffs-Appellees*,

*v*.

KRISTI L. NOEM, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 1:25-cv-12173

Sara L. Ellis,
*Judge*.

## O R D E R

On November 6, 2025, the district court ordered a preliminary injunction forbidding defendants from using certain crowd control techniques and imposing additional requirements on law enforcement activities. Dist. Ct. DE 250.

Defendants seek a stay pending appeal, and plaintiffs oppose. A stay is appropriate if the movant demonstrates a likelihood of success on the merits and irreparable injury. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Camelot Banquet Rooms, Inc. v. Small Bus. Admin*, 14 F.4th 624, 628 (7th Cir. 2021) (per curiam). And "[i]n close cases … [a court] will balance the equities and weigh the relative harms to the applicant and to the respondent." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam).

EXHIBIT B

Defendants are likely to succeed on the merits. The preliminary injunction entered by the district court is overbroad. In no uncertain terms, the district court's order enjoins an expansive range of defendants, including the President of the United States, the entire Departments of Homeland Security and Justice, and anyone acting in concert with them. The practical effect is to enjoin all law enforcement officers within the Executive Branch. Further, the order requires the enjoined parties to submit for judicial review all current and future internal guidance, policies, and directives regarding efforts to implement the order—a mandate impermissibly infringing on principles of separation of powers on this record. Finally, the district court's order is too prescriptive. For example, it enumerates and proscribes the use of scores of riot control weapons and other devices in a way that resembles a federal regulation.

We also have reservations about Article III standing. Open questions remain whether plaintiffs have shown that the past harm they allegedly faced is likely to imminently happen to them in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983). A fear that such harm will recur is insufficient, on its own, to show standing for injunctive relief. *Id.* at 107 n.8. And we are aware of public reporting suggesting that the enhanced immigration enforcement initiative may have lessened or ceased, which could affect both the justiciability of this case and the propriety of injunctive relief.

Additionally, defendants face irreparable harm. *Trump v. CASA, Inc.*, 606 U.S. 831, 860–61 (2025). "Any time that the Government is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Noem v. Vasquez Perdomo*, No. 25A169, 2025 WL 2585637, at *3 (U.S. Sept. 8, 2025) (citation modified); *see also CASA, Inc.*, 606 U.S. at 861. And the balance of equities does not counsel against awarding defendants interim relief, especially given the overbreadth of the preliminary injunction. *Id.*

Do not overread today's order. Our concerns about the substantial overbreadth of the district court's injunction lead us to stay it pending appeal, which we will expedite. But we have not concluded that preliminary relief is precluded. Acting on a very compressed timeline, the district court has developed voluminous and robust factual findings. Those findings may support entry of a more tailored and appropriate preliminary injunction that directly addresses the First and Fourth Amendment claims raised by these plaintiffs.

Therefore, we STAY the preliminary injunction issued by the district court.

An expedited briefing schedule and oral argument date will be set by separate order.

EXHIBIT B