**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

HUNTER DEMSTER, *et al.*,
*Plaintiffs*,

v.

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States, et al.*,
*Defendants*.

Civil Action No. 26–cv–2546

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby give notice of the existence of new authority: *Moorman v. Doe*, No. 26-CV-327, 2026 WL 2620501 (S.D. Ohio Sept. 4, 2026) (attached as Exhibit 1). *Moorman* supports Plaintiffs' Motion for a Preliminary Injunction, ECF No. 16, on two issues: (1) whether Plaintiffs are likely to succeed on their claim that Defendants are unconstitutionally retaliating against them in violation of the First Amendment; and (2) whether Plaintiffs have Article III standing to seek injunctive relief based on Defendants' ongoing retaliation.

In their Motion for a Preliminary Injunction, Plaintiffs seek to enjoin a policy, pattern, and practice of retaliation by Defendants in response to Plaintiffs "engag[ing] in activities protected by the First Amendment." ECF No. 16-2 at 2. Plaintiffs argue that "the First Amendment protects the right to record law enforcement officers performing their duties in public." *Id.* at 4. Plaintiffs further contend that Defendants "subjected Plaintiffs to adverse action," including "[u]sing their vehicles to swerve or drive at them," "[t]ailing them in their vehicles," and "sitting outside their

homes," and that such actions were motivated by Plaintiffs' "protected activity." *Id.* at 4–7. Plaintiffs also contend that they have Article III standing to seek prospective injunctive relief because their "numerous, consistent, and ongoing experiences of retaliation demonstrate that they are likely to incur the same retaliatory injury in the future." ECF No. 44 at 2.

Defendants respond that the First Amendment does not protect the "right to observe, record, and gather information about law-enforcement operations," that the alleged conduct does not constitute adverse action, and that Plaintiffs have not shown the requisite "subjective retaliatory intent." ECF No. 34 at 15–21. Defendants further argue that Plaintiffs lack Article III standing to seek injunctive relief because the alleged conduct amounts to "isolated incidents" and it is "unlikely Plaintiffs will be injured in a similar way in the future." *Id.* at 7, 9.

In *Moorman*, the Southern District of Ohio granted a temporary restraining order enjoining seven Immigration and Customs Enforcement ("ICE") officers from retaliating against the plaintiff for documenting ICE activity in his community. 2026 WL 2620501, at *1. The court held that the First Amendment protects the plaintiff's right to "film[] government agents performing official duties in public," as eight circuits have expressly confirmed. *Id.* at *4.[1] The court further held that the officers had engaged in adverse actions against the plaintiff, including by "nearly swerv[ing] into his vehicle," "scout[ing] [his] home for no legitimate purpose," and "cut[ting] off and trapp[ing] [his] vehicle in a parking lot." *Id.* at *5. And the court concluded that proximate cause

---

[1] The court cited decisions from the First, Second, Third, Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits. 2026 WL 2620501, at *4–5. In addition to these Circuits, the Seventh and Eighth Circuits have also expressly held that filming government agents performing their official duties in public is protected by the First Amendment, *see Ness v. City of Bloomington*, 11 F.4th 914, 923 (8th Cir. 2021); *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 600–01 (7th Cir. 2012), as discussed in Plaintiffs' Memorandum of Law in Support of Their Motion for a Preliminary Injunction, ECF No. 16-2 at 4.

was satisfied, reasoning that "temporal proximity between [the] protected conduct and retaliatory acts creates an inference of a retaliatory motive." *Id.* at *6. The court cited, for example, to an incident where "after witnessing [the plaintiff] videotaping them, . . . ICE officers immediately drove toward him," and another where "after videotaping another ICE officer, that officer placed his phone in [the plaintiff]'s face at close range while walking past him." *Id. Moorman* thus supports Plaintiffs' argument that Task Force agents are engaged in an ongoing pattern of unconstitutional retaliation—through many of the same adverse actions—in response to Plaintiffs' recording of those agents performing their duties in public.

The *Moorman* court also determined that the plaintiff had Article III standing to seek injunctive relief, distinguishing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). It explained that the plaintiff was "likely to experience injury again" because he (1) "intend[ed] to continue his activities as an ICE watcher by documenting Defendants and their affiliates"; (2) "ha[d] documented multiple instances of Defendants' prior, completed acts of retaliation against him for engaging in protected conduct," and (3) had "allege[d] completed acts of retaliation tied directly to the type of conduct he intends to repeat." *Id.* at *7 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (explaining that "past enforcement against the same conduct is good evidence that the threat of enforcement is not chimerical" (cleaned up)). The same reasoning applies here: Plaintiffs intend to continue recording Task Force agents, have documented repeated prior acts of retaliation, and tie those completed acts directly to the conduct they intend to repeat. *Moorman* accordingly supports Plaintiffs' argument that they have Article III standing to seek injunctive relief.

Dated: September 11, 2026

Respectfully Submitted,

/s/ Ken Sexauer
Ken Sexauer*
Scarlet Kim*
Brian Hauss*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
ksexauer@aclu.org
scarletk@aclu.org
bhauss@aclu.org

Faith E. Gay (Bar No. 2117117)
Corey Stoughton (Bar No. 4152633)
Katherine Buoymaster (Bar No. 6096903)
Sylvia Woodmansee (Bar No. 6136618)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
cstoughton@selendygay.com
kbuoymaster@selendygay.com
swoodmansee@selendygay.com

*Admitted *Pro Hac Vice*

Zee Scout (BPR# 042637)
Lucas Cameron-Vaughn (BPR# 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
zscout@aclu-tn.org
lucas@aclu-tn.org

Matthew Borden
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
borden@braunhagey.com

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
benavides@braunhagey.com

*Attorneys for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, upon defendants' counsel.

Dated: September 11, 2026

Respectfully Submitted,

*/s/ Ken Sexauer*
Ken Sexauer*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
ksexauer@aclu.org

*Admitted *Pro Hac Vice*

*Attorney for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*