**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**HUNTER DEMSTER, JESSICA CHODOR, KENNETH HALT, and MELISSA PEELER**

**Plaintiffs,**

**v.** **Case No. 2:26-cv-02546-MSN-atc**

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al.**

**Defendants.**

---

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 48)**

---

The Federal Defendants, in response to Plaintiffs' arguments in their Notice of Supplemental Authority (ECF No. 48), would state that *Moorman v. Doe*, No. 26-CV-327, 2026 WL 2620501 (S.D. Ohio Sept. 4, 2026), can be distinguished from this case.

Plaintiffs argue that *Moorman* supports their arguments that they are likely to succeed in their claims that the Federal Defendants have retaliated against them for exercising their First Amendment rights and that they have standing to seek injunctive relief. However, *Moorman* dealt with a plaintiff who sought injunctive relief regarding seven specific ICE officers who the Court found retaliated against him over the course of several days. *Id.* at *5. While the court held that Moorman was engaging in protected activity, the court also stated that

> While some courts have imposed reasonable time, place, and manner restrictions on an individual's right to record law enforcement, *see e.g.*, *Fields [v. City of Philadelphia]*, 862 F.3d [353,] 360 [(3rd Cir. 2017)], the record shows that Moorman *conducts his ICE watching activities in a safe and lawful manner*; he records ICE activity only while in public spaces, *takes precautions to make sure he is not threatening officers' safety* such as keeping his hands visible, *follows applicable traffic laws, and does not interfere with ICE's enforcement operations*.

> Moorman has also participated in specific training for individuals who wish to monitor law enforcement activity in a safe, lawful, and peaceful manner.

*Moorman*, 2026 WL 2620501, *5 (emphasis added).

The same cannot be said in this case. Plaintiffs do not conduct their activities in a safe and lawful manner, but, instead, interfere with Task Force operations. *See* Federal Defendant's Response, ECF No. 34, PageID 886, 892, 896, 899-900, 904-906. In addition, the actions of the Task Force in this case, for example when they have been on Plaintiff Demster's street, have had nothing to do with Plaintiffs and have been for legitimate law enforcement operations. *See id.*, PageID 901. When Plaintiffs have approached a law enforcement operation and been asked to back away from the active scene, this was not done in retaliation, but for everyone's safety. *See id.*, PageID 902-904. When law enforcement has shined a light towards a Plaintiff while that Plaintiff might have been filming, this was not retaliation, but was for safety so that law enforcement could identify who was walking onto the active law enforcement scene. *See id.*, PageID 901.

Therefore, *Moorman* can be distinguished and does not support Plaintiff's argument that they have standing to seek injunctive relief.

Date: September 17, 2026

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

By: *s/ Melanie R. Dunlap*
Melanie R. Dunlap (TN BPR #22477)
Jennifer H. Collins (TN BPR #27985)
Assistant United States Attorney
167 North Main St., Ste. 800
Memphis, Tennessee 38103
Phone: 901-544-4231
Fax: 901-544-4230
melanie.dunlap@usdoj.gov
jennifer.collins2@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed via the Court's CM/ECF system and thereby served on this 17th day of September 2026, upon all counsel of record.

*s/ Melanie R. Dunlap*
Assistant United States Attorney