**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

HUNTER DEMSTER *et al.*,

*Plaintiffs*

v.

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States, et al.*,

*Defendants.*

Case No. 26-cv-02546

**MEMORANDUM OF LAW IN SUPPORT OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS'S MOTION TO ALLOW REMOTE LISTENING TO THE SEPTEMBER 23, 2026 PRELIMINARY INJUNCTION HEARING VIA PUBLIC ACCESS AUDIO LINE**

Pursuant to Local Rule 7.02(a)(1), the Reporters Committee for Freedom of the Press ("RCFP") hereby files this Memorandum of Law in support of its Motion to Allow Remote Listening to the September 23, 2026 Preliminary Injunction Hearing via Public Access Audio Line.

RCFP seeks to be able to remotely listen to the preliminary injunction hearing set for September 23, 2026 for its informational purposes as an organization that employees attorneys who regularly litigates cases, including in Tennessee, on First Amendment issues involving newsgathering. RCFP's Tennessee attorney is located in the Nashville area and many of its other attorneys are located in Washington D.C. Others, including attorneys, media entities and members of the public, may similarly be interested in listening to the preliminary injunction hearing in this high profile case.

The Judicial Conference of the United States specifically provides that Courts may, in their discretion provide for remote audio access to portions of civil non-trial proceedings when a witness

is not testifying in Volume 10, Chapter 4, Section 420 of its Guide to Judiciary Policy. Section 420(b) states that "a judge presiding over a civil or bankruptcy non-trial proceeding may, in the judge's discretion, authorize live remote public audio access to any portion of that proceeding in which a witness is not testifying. This policy does not create any right of any party or the public to live remote public audio access to any proceeding."[1] RCFP is respectfully requesting that the Court exercise its discretion and provide for remote audio access to the preliminary injunction hearing in this case on September 23, 2026.

Counsel for Plaintiffs do not oppose the relief sought. Counsel for the United States "would defer" to the Court "and have no position either in favor of or in opposition to the request." Counsel for the State of Tennessee parties, likewise, takes no position.

For the foregoing reasons, RCFP respectfully asks the Court to grant its Motion to Allow Remote Listening to the September 23, 2026 Preliminary Injunction Hearing via Public Access Audio Line.

Respectfully submitted,

*/s/ Paul R. McAdoo*

Paul R. McAdoo (BPR No. 034066)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
6688 Nolensville Rd., Suite 108-20
Brentwood, TN 37027
Phone: 615.823.3633
Facsimile: 202.795.9310
pmcadoo@rcfp.org

*Counsel for RCFP*

[1] Available at https://www.uscourts.gov/sites/default/files/2024-12/guide-vol10-ch04.pdf.

**CERTIFICATE OF SERVICE**

I certify that on September 20, 2026, the foregoing was served upon counsel for the parties through the CM/ECF system.

*/s/ Paul R. McAdoo*
Paul R. McAdoo (BPR No. 034066)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

*Counsel for RCFP*