**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

HUNTER DEMSTER *et al*.,

*Plaintiffs*,

v.

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*, *et al*.,

*Defendants*.

Case No. 26–cv–02546

**PLAINTIFFS' MOTION TO STRIKE PARTS II AND III**
**OF STATE DEFENDANTS' SUPPLEMENTAL RESPONSE**
**OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

Plaintiffs move to strike Parts II and III of State Defendants' Supplemental Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 75, or, in the alternative, for leave to file a surreply not to exceed five pages to address the new cases cited and new arguments raised by State Defendants.

**ARGUMENT**

On October 15, 2026, the Court ordered supplemental briefing on "the new cases cited or discussed at oral argument[] that have not been previously briefed." ECF No. 70 at 3 ("Order"). State Defendants filed their supplemental brief on October 23, 2026. *See* ECF No. 75. Part I of their brief addresses two cases cited for the first time at oral argument: *Venema v. West*, 133 F.4th 625 (6th Cir. 2025), and *Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016). ECF No. 75 at 1–3.

The rest of State Defendants' brief is entirely untethered from any "new cases cited or discussed" for the first time at oral argument and far exceeds the scope of the Order. ECF No. 70 at 3. State Defendants implicitly concede as much, explaining that Parts II and III do not concern *Venema*, *Peatross*, or any other new case raised at oral argument. *See* ECF No. 75 at 4. Rather, these sections set out the allegedly "correct standards" that the court "should" apply to Plaintiffs' claims, *id.* at 3–4, and advocate for a new legal framework, relying on a plethora of new cases, *see id.* at 4–9.[1] In doing so, State Defendants transform the Court's order for limited supplemental

[1] State Defendants cite over a dozen cases that have not previously been briefed and were not raised at the September 23, 2026, oral argument. *See, e.g.*, *Lewis v. Whirlpool Corp.*, 630 F.3d 484 (6th Cir. 2011); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Los Angeles Cnty. v. Humphries*, 562 U.S. 29 (2010); *Rubicon Real Est. Holdings, LLC v. City of Pontiac*, 179 F.4th 431 (6th Cir. 2026); *Wood v. Moss*, 572 U.S. 744 (2014); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997); *Byrum v. Knox Cnty.*, 2026 WL 3026245 (6th Cir. Oct. 8, 2026); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Winkler v. Madison Cnty.*, 893 F.3d 877 (6th Cir. 2018); *Pineda v. Hamilton Cnty.*, 977 F.3d 483 (6th Cir. 2020); *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005); *Kerchen v. Univ. of Mich.*, 100 F.4th 751 (6th Cir. 2024).

briefing into an improper surreply to Plaintiffs' Motion for Preliminary Injunction. Thus, Parts II and III should be struck. *See, e.g.*, *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 693–94 (7th Cir. 2008) (affirming district court's decision to strike supplemental brief that "reargued issues after the district court had taken the summary judgment motions under advisement in disregard of the court's order that [plaintiff] could file a supplemental memorandum to address recent case law"); Order at 1, *Tenn. Conf. of the NAACP v. Lee*, No. 20-cv-1039 (M.D. Tenn. Aug. 19, 2024), Dkt. No. 288 (striking defendants' supplemental brief that argued a topic the court's supplemental briefing order "did not ask the parties to address"); *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 473 (N.D. Ohio 2007) (striking portion of defendants' supplemental brief raising "new argument" because the court's supplemental briefing order "did not invite new argument"); *Infantino v. Sealand Contractors Corp.*, 565 F. Supp. 3d 347, 353, 355 (W.D.N.Y. 2021) (similar).

In the alternative, if the Court does not strike Parts II and III of State Defendants' supplemental brief, Plaintiffs request leave to file a surreply not to exceed five pages to address the new legal framework, new cases, and new arguments raised by State Defendants. *See, e.g.*, Min. Order, *Cook v. Trump*, No. 25-cv-2903 (D.D.C. Sept. 9, 2025) (granting leave to file surreply where government raised "new arguments … in their [] Supplemental Memorandum," and emphasizing that "the briefing at issue relates to Plaintiff's motion, which means that Plaintiff should usually get the last word"); *United States ex rel. Norris v. Florence*, 2020 WL 5797987, at *2 (M.D. Tenn. Sept. 29, 2020) (a surreply is appropriate where "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply" (internal citation omitted)).

Dated: October 28, 2026

Respectfully Submitted,

*/s/ Faith E. Gay*
Faith E. Gay (Bar No. 2117117)
Corey Stoughton (Bar No. 4152633)
Katherine Buoymaster (Bar No. 6096903)
Sylvia Woodmansee (Bar No. 6136618)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
cstoughton@selendygay.com
kbuoymaster@selendygay.com
swoodmansee@selendygay.com

Scarlet Kim*
Ken Sexauer*
Brian Hauss*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
scarletk@aclu.org
ksexauer@aclu.org
bhauss@aclu.org

Zee Scout (BPR# 042637)
Lucas Cameron-Vaughn (BPR# 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
zscout@aclu-tn.org
lucas@aclu-tn.org

Matthew Borden*
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
borden@braunhagey.com

Marissa R. Benavides*
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
benavides@braunhagey.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*