**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**HUNTER DEMSTER, JESSICA CHODOR, KENNETH HALT, and MELISSA PEELER**

**Plaintiffs,**

**v.** **Case No. 2:26-cv-02546-MSN-atc**

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al.**

**Defendants.**

---

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DECLARATIONS OF SPECIAL AGENTS LENZEN AND HENDERSON (ECF NO. 74) OR, IN THE ALTERNATIVE, MOTION TO FILE DECLARATIONS AS SUPPLEMENTAL MATERIAL IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

This court should deny Plaintiffs' Motion to Strike Declarations of Special Agents Lenzen and Henderson. In the alternative, the Federal Defendants move to file the declarations of Lenzen and Henderson as supplemental material to update the factual record before the Court and in response to Plaintiffs' specific request for information about the August 30, 2026, and September 3, 2026, encounters. In support, the Federal Defendants state the following:

On October 14, 2026, Federal Defendants filed a Notice of Supplemental Authority, alerting the Court to the recent ruling in *Moorman v. Doe*, 26-CV-327 (S.D. Ohio October 2, 2026), where the District Court in Ohio denied Moorman's motion to convert the temporary restraining order into a preliminary injunction and dismissed the case for lack of subject matter jurisdiction.[1]

---

[1] Plaintiffs filed a Notice of Supplemental Authority (ECF No. 48, PageID 1167-1179) alerting the Court to a previous *Moorman* order granting that plaintiff's motion for a TRO, citing it as favorable

ECF No. 69, PageID 1383-1398. The Federal Defendants also submitted declarations of Special Agent Brandon J. Lenzen and Special Agent John K. Henderson. *See* Lenzen Decl., ECF No. 69-2, PageID 1416-1418, and Henderson Decl., ECF No. 69-3, PageID 1419-1423.

Plaintiffs seek to strike the declarations of Lenzen and Henderson and any argument the Federal Defendants made in the Notice of Supplemental Authority in reliance upon those declarations. Pls' Mtn to Strike, ECF No. 74, PageID 1590. Plaintiffs briefly state the Federal Defendants should not be allowed to submit those declarations with the Notice of Supplemental Authority but then proceed to discuss the declarations and argue at length. *See id.*, PageID 1590-1593.

The Court should not strike these declarations or the arguments made related to those declarations. Federal Defendants produced the declarations because Plaintiffs specifically asked the Federal Defendants to explain why Task Force agents were present on Plaintiff Demster's street on August 30, 2026, and September 3, 2026. *See* Pl's Mtn to Strike, fn 15, ECF No. 74, PageID 1590-1591; *see also* Email and Letter correspondence between counsel, ECF No. 47-2, PageID 1158-1166. After requesting the information, Plaintiffs filed a Notice of Supplemental Material in Support of their Motion for Preliminary Injunction with Plaintiff Demster's first supplemental declaration attesting to his recollection of the encounters. Pls' Notice of Suppl. Materials and Demster's First Suppl. Decl., ECF Nos. 47-47-1, PageID 1143-1156; *see also* Pl's Mtn to Strike, fn 15, ECF No. 74, PageID 1590-1591. Plaintiffs argue that the two declarations do

---

precedent for Plaintiffs in this case. However, counsel for Plaintiffs failed to then disclose the subsequent unfavorable *Moorman* Order dismissing the case, despite their legal obligation to do so. *See Matthews v. Kindred Healthcare, Inc.*, No. 05-1091-T-AN, 2005 WL 3542561, at *4–5 (W.D. Tenn. Dec. 17, 2005. Their failure to immediately disclose this authority when a ruling on the motion for preliminary injunction was under advisement (and could be issued at any time) is troubling.

not address any specific incident attested to by Plaintiffs. *See* ECF No. 74, PageID 1590. However, Plaintiffs ignore that the declarations directly respond to their counsel's repeated requests for an explanation regarding the presence of Task Force agents on Plaintiff Demster's street on those two occasions.[2] Plaintiffs cannot have it both ways.

The declarations are entirely consistent with the evolving course of this litigation and the questions and arguments put forth at the hearing. Counsel for the Federal Defendants represented at the hearing that DHS was still looking into the specific details of the encounters, but that the agents were present for law enforcement purposes:

> The recent encounters -- DHS is still looking into these encounters, but … they were there for legitimate law enforcement purposes.
>
> One involved -- this was on August 30th and September 3rd. One of those occasions where the Task Force was parked outside of Mr. Demster's house, they were there for law -- legitimate law enforcement purposes. One, they were looking for someone that they were serving a warrant on. In another, they were dealing with someone on a street next over who they got a tip might be coming out the back that would cross the street that Mr. Demster lived on.

Hearing Transcript, 90:2-5, ECF No. 61, PageID 130. The information in the Lenzen and Henderson declarations is not new information; it is consistent with what counsel for Federal Defendants stated at the hearing and provides additional details specifically requested by Plaintiffs' counsel.

Plaintiffs have now fully briefed their argument in response to the declarations of Lenzen and Henderson in their Response and Motion to Strike. Pls' Mtn. to Strike, ECF No. 74, PageID 1591-1593. The declarations, and Plaintiffs' response thereto, provide a fuller factual picture for

[2] In addition, as can be seen in Lenzen's Declaration (ECF No. 69-2, ¶ 6, PageID 1417), and in Plaintiff Demster's Amended First Supplemental Declaration (ECF No. 74-1, PageID 1596-1605), Plaintiff Demster embellished in his original First Supplemental Declaration (ECF No. 47-1, ¶ 21, PageID 1154) by saying that the agent spoke his name, when he, in fact, did not.

the Court as it takes this matter under advisement. Therefore, Federal Defendants state that this Court should not strike the declarations of Lenzen and Henderson or the arguments made by Federal Defendants related to those declarations.

Out of an abundance of caution, if the Court is inclined to strike the declarations from the Federal Defendants' Notice of Supplemental Authority, then the Federal Defendants move to submit the declarations as a notice of supplemental materials in opposition to the motion for preliminary injunction (a copy of which is attached hereto as Exhibit 1), in the same manner Plaintiffs submitted their Notice of Supplemental Materials in Support of Plaintiffs' Motion for Preliminary Injunction. *See* Pls' Notice of Suppl. Materials in Support of Mtn. for Prelim. Injunction, ECF No. 47, PageID 1143-1146; and First Supplemental Declaration of Hunter Demster, ECF No. 47-1, PageID 1148-1156). These materials would update the factual record before the Court in light of Plaintiffs' pending Motion for Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to strike the declarations of Special Agents Lenzen and Henderson and the arguments made in reliance upon those declarations in Federal Defendants' Notice of Supplemental Authority. In the alternative, this Court should allow the Federal Defendants to file the Notice of Supplemental Material with the declarations of Lenzen and Henderson, as attached hereto as Exhibit 1.

Date: October 30, 2026

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

By: *s/ Melanie R. Dunlap*
Melanie R. Dunlap (TN BPR #22477)
Jennifer H. Collins (TN BPR #27985)
Assistant United States Attorney
167 North Main St., Ste. 800
Memphis, Tennessee 38103
Phone: 901-544-4231
Fax: 901-544-4230
melanie.dunlap@usdoj.gov
jennifer.collins2@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed via the Court's CM/ECF system and thereby served on this 30th day of October 2026, upon all counsel of record.

*s/ Melanie R. Dunlap*
Assistant United States Attorney