**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

HUNTER DEMSTER, *et al.*,
*Plaintiffs*,

v.

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States, et al.*,
*Defendants*.

Civil Action No. 26–cv–2546

**PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this response to State Defendants' November 10, 2026, Notice of Supplemental Authority. *See* ECF No. 79. *Gannett Co. v. Long*, No. 26-5182 (6th Cir. Nov. 10, 2026) supports Plaintiffs' Motion for a Preliminary Injunction, ECF No. 16-2, by confirming that Plaintiffs have standing to sue Defendant Steven Mulroy in their pre-enforcement First Amendment challenge to the Protecting Everyone Against Crime and Extremism Act, Tenn. Code Ann. § 39-16-612 (the "Halo Law") and reiterating that likelihood of success on the merits is the most important factor in adjudicating a preliminary injunction motion.

Plaintiffs argued in their Motion for a Preliminary Injunction that the Halo Law is unconstitutional as applied to Plaintiffs' constitutionally protected information-gathering and recording of Memphis Safe Task Force ("Task Force") activities. *See* ECF No. 16-2 at 21–23. State Defendants argue that Plaintiffs lack standing to bring a pre-enforcement challenge to the Halo Law against Defendant Mulroy because Defendant Mulroy has not personally enforced or

threatened to enforce the Halo Law against them. *See* ECF No. 39 at 20–21. Defendants do not otherwise contest that Plaintiffs have standing to challenge the Halo Law.

In *Gannett*, newsgathering organizations challenge the Halo Law, facially and as-applied, on the basis that it infringes on the First Amendment right to gather news. The *Gannett* defendants argued that the plaintiffs lacked standing to challenge the statute. The Sixth Circuit reinforced that, where plaintiffs challenge a statute "in advance of any enforcement action against them," they establish standing by "[1] show[ing] that they intend to engage in conduct that is 'arguably affected with a constitutional interest,' [2] that the statute arguably proscribes that conduct, and [3] that the plaintiffs face a 'credible threat of prosecution[.]'" *Gannett*, No. 26-5182 at 3 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

Applying that standard to the pre-enforcement challenge in *Gannett*, the Sixth Circuit held that the plaintiffs had standing to sue state defendants, including the District Attorney General for Nashville and Davidson County. *Id*. at 3–4. The Sixth Circuit determined that "the plaintiffs' newsgathering is at least arguably protected by the First Amendment," *id*. at 3 (citing *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972)); the Halo Law "arguably proscribes (or at least circumscribes) that activity . . . by requiring reporters to stay at least 25 feet away from a police officer when ordered to do so," *id*.; and that the plaintiffs face a credible threat of prosecution because "they often receive such orders; and none of the defendants has disavowed any intent to continue ordering reporters to retreat," *id*.

Importantly, the Sixth Circuit did not require the state defendants to have personally enforced or threatened to enforce the Halo Law, *id.* at 3–4, as State Defendants in this case have urged that they must, *see* ECF No. 39 at 20–21. The Court explicitly acknowledged that "[t]he plaintiffs challenge the buffer-zone statute *in advance of any enforcement action against them*."

*Gannett*, No. 26-5182 at 3 (emphasis added). Nevertheless, it concluded that because "plaintiffs have presented evidence that their reporters routinely face a choice between defying a direct order of a police officer—with an attendant threat of criminal punishment . . . —or ceasing activity protected by the First Amendment," "[t]hat is enough at this stage of the litigation to establish standing." *Id*. at 3–4. The record in this case is clear that Plaintiffs, like the plaintiffs in *Gannett*, routinely face the same choice. *See* ECF No. 16-2 at 22, 25; ECF No. 16-49 ("Demster Decl.") ¶¶ 19–25, 39, 41, 44, 72, 82, 93, 103, 119–20, 128–29; ECF No. 16-50 ("Chodor Decl.") ¶¶ 15–16; ECF No. 16-51 ("Halt Decl.") ¶ 80; ECF No. 16-52 ("Peeler Decl.") ¶¶ 31–32, 61–62.

The Sixth Circuit also reviewed the district court's decision to deny injunctive relief in *Gannett*. Noting that, in First Amendment cases, likelihood of success on the merits is "the most important" factor in deciding whether to grant a preliminary injunction, the Sixth Circuit held that because "the district court did not address that factor; . . . the court's assessment of irreparable harm was premature." *Id.* at 4 (internal quotations and citations omitted). The Court instructed the district court to "create an adequate factual record on these and any other relevant issues for that court or ours to apply the applicable standard for injunctive relief." *Id*. at 5.

Here, there is a voluminous record before the Court, consisting almost entirely of evidence Plaintiffs have submitted on both their First Amendment retaliation claim and their as-applied pre-enforcement challenge to the Halo Law. With respect to the Halo Law claim, Plaintiffs have attested to over a dozen incidents where Task Force agents invoked the law against them in violation of the First Amendment. *See* Demster Decl. ¶¶ 36, 39, 43–44, 72, 82, 88, 93, 103, 119–20, 127–28 & Exs. B, C, K; ECF No. 44-1 ("Demster Reply Decl.") ¶ 7; ECF No. 47-1 ("Demster Supp. Decl.") ¶¶ 8–10 & Exs. A–C; Chodor Decl. ¶¶ 15–16; Halt Decl. ¶ 80; Peeler Decl. ¶¶ 61–62, 64–67. Defendants have submitted *no* evidence to rebut these incidents. On this record,

Plaintiffs have established a likelihood of success on the merits of their challenge to the Halo Law and are entitled to a preliminary injunction that enjoins State Defendants from enforcing the law against Plaintiffs.

Dated: November 17, 2026

Respectfully Submitted,

<u>*/s/ Faith Gay*</u>

Zee Scout (BPR# 042637)
Lucas Cameron-Vaughn (BPR# 036284)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
Zscout@aclu-tn.org
Lucas@aclu-tn.org

Matthew Borden
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
borden@braunhagey.com

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
Benavides@braunhagey.com

Faith E. Gay (Bar No. 2117117)
Corey Stoughton (Bar No. 4152633)
Katherine Buoymaster (Bar No. 6096903)
Sylvia Woodmansee (Bar No. 6136618)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
cstoughton@selendygay.com
kbuoymaster@selendygay.com
swoodmansee@selendygay.com

Ken Sexauer*
Scarlet Kim*
Brian Hauss*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
ksexauer@aclu.org
scarletk@aclu.org
bhauss@aclu.org

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, upon defendants' counsel.

Respectfully Submitted,

*/s/ Faith Gay*
Faith E. Gay (Bar No. 2117117)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com