**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

HUNTER DEMSTER, *et al.*,
*Plaintiffs*,

v.

TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States, et al.*,
*Defendants*.

Civil Action No. 26–cv–2546-MSN-atc

**PLAINTIFFS' MOTION FOR A PRELIMINARY SCHEDULING CONFERENCE**

Plaintiffs respectfully move the Court to schedule a Preliminary Scheduling Conference, pursuant to Federal Rule of Civil Procedure 16, on January 8, 2027, or as soon thereafter as the Court is available. Defendants object to this motion. Among other things, Plaintiffs seek to preserve evidence and to understand the bases for factual assertions Defendants made about Plaintiffs' protected activity at the September 23, 2026, hearing on Plaintiffs' Motion for a Preliminary Injunction and in their associated opposition briefing. A Preliminary Scheduling Conference is the only way Plaintiffs can move forward in this case—which alleges ongoing constitutional violations and other serious harms—with assessing Defendants' factual assertions given Defendants' repeated refusal to engage with Plaintiffs on limited discovery before they have responded to the Complaint.

**BACKGROUND**

During the September 23, 2026, hearing on Plaintiffs' Motion for a Preliminary Injunction, the Court instructed the parties to file a "status report within two weeks [detailing] where you stand

on what you can agree upon, particularly focusing on discovery and whether any additional briefing is merited[.]" ECF No. 73-1 ("Hrg. Tr.") at 130:24–131:2. On October 5, 2026, as detailed in the Joint Status Report at ECF No. 68, the parties' counsel met and conferred. During that meet-and-confer, Defendants' counsel repeatedly refused to engage with Plaintiffs on any limited discovery, including discovery to address the factual bases for Defendants' assertions that lack identified support in the record, as well as documents and communications at significant risk of loss due to personnel changes. Defendants' counsel also refused to discuss the proposed terms of a draft protective order Plaintiffs' counsel provided on October 2, 2026.

On November 13, 2026, Plaintiffs' counsel again requested to meet and confer about the scheduling of a Preliminary Scheduling Conference after the Status Conference before the Court was postponed. Defendants' counsel objected to this request, reiterating their position that Defendants will not agree to a Preliminary Scheduling Conference until after they have responded to the Complaint. Plaintiffs now seek Court assistance to move this case forward.

**ARGUMENT**

The expeditious scheduling of a Preliminary Scheduling Conference is appropriate here because Plaintiffs have a demonstrated need to begin engaging with Defendants on limited discovery. Defendants' counsel have refused to discuss Defendants' factual bases—and to date have provided none—for their sweeping assertions that Plaintiffs' behavior in each incident of retaliation to which Plaintiffs have attested was "unlawful" and "impeding" law enforcement. ECF No. 68. at 7; *see* Hrg. Tr. at 26:25–27:9, 33:8–11, 66:25–67:3, 88:10–13, 88:19–23, 93:2–8. At the October 5 meet-and-confer, Defendants' counsel emphasized that they rely on the assertions made in their Opposition to Plaintiffs' Motion for a Preliminary Injunction, the two declarations filed

with their Opposition, and their arguments made at the September 23 hearing—none of which contain a factual basis for these assertions. *See* ECF No. 68 at 6–7.

The limited discovery Plaintiffs seek to pursue expeditiously is narrowly tailored to addressing assertions Defendants made in their Opposition and at the September 23 hearing, specifically (1) any evidence supporting Defendants' assertion that any Plaintiff was acting unlawfully in any incident described in Plaintiffs' declarations; (2) any evidence supporting Defendants' assertion of a legitimate, non-retaliatory law-enforcement purpose agents had for being outside Plaintiffs' homes during each of the incidents described in Plaintiffs' declarations or discussed during the September 23 hearing[1]; (3) any evidence supporting Defendants' assertion that any Plaintiff was impeding an investigation during any incident described in Plaintiffs' declarations; and (4) any evidence supporting Defendants' assertion that Memphis Safe Task Force ("Task Force") agents had probable cause to arrest Plaintiff Hunter Demster on August 26, 2026.

Significantly, this discovery will become increasingly difficult, if not impossible, for Plaintiffs to obtain and review as time passes—several Defendants sued in their official capacities have been replaced since the Complaint was filed, and Plaintiffs have a good faith basis to believe that Task Force agents cycle in and out of Memphis regularly. Plaintiffs should be permitted to pursue this discovery now to develop the factual record. *See HolBrook v. Ownbrix Int'l Corp.*, No. 19-cv-02879, 2020 WL 12948095, at *2 (W.D. Tenn. Feb. 11, 2020) (denying defendants' motion to stay discovery pending resolution of 12(b) motion to dismiss and noting that "allowing

---

[1] On October 14, 2026, Defendants filed two declarations as exhibits to a notice of supplemental authority relevant to their assertions at the September 23 hearing—for which they pointed to no evidence in the record—that Task Force agents were outside of Mr. Demster's home for "legitimate law enforcement purposes" on August 30, 2026 and September 3, 2026. *See* Dkt Nos. 69-2, 69-3; Hrg. Tr. at 90:3–5. They have submitted no further support for this assertion of fact made at the hearing.

discovery to proceed will help develop the issues to be resolved by any future motions to dismiss and will allow Plaintiffs more time to investigate and respond to any such motions"). It is in the interest of *both* parties to reveal these targeted categories of inculpatory evidence as soon as possible in order to fairly resolve this matter. If Defendants continue to refuse to produce evidence they have suggested to the Court exists in multiple filings, *see* ECF No. 31-1 at 4, 17–18; ECF No. 50 at 2; ECF No. 69 at 13–14, the Court should consider additional remedies, including barring Defendants from presenting any such evidence that has been or is currently in their possession, custody, or control.

Given Plaintiffs' repeated efforts to obtain this evidence and Defendants' repeated refusals to consider voluntarily engaging with Plaintiffs on limited discovery before responding to the Complaint, the scheduling of a Preliminary Scheduling Conference is the only avenue available to Plaintiffs to move forward with evaluating Defendants' sweeping factual characterizations for which Defendants have pointed to virtually no support in the record.

## CONCLUSION

For the reasons laid out above, Plaintiffs request the Court schedule a Preliminary Scheduling Conference on January 8, 2027, or as soon thereafter as the Court is available. Plaintiffs are prepared to hold the required Rule 26(f) conference at least 21 days prior to the Preliminary Scheduling Conference as required under the Local Rules.

Dated: November 24, 2026

Respectfully Submitted,

/s/ *Faith Gay*
Faith E. Gay (Bar No. 2117117)
Corey Stoughton (Bar No. 4152633)
Katherine Buoymaster (Bar No. 6096903)
Sylvia Woodmansee (Bar No. 6136618)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
cstoughton@selendygay.com
kbuoymaster@selendygay.com
swoodmansee@selendygay.com

Ken Sexauer*
Scarlet Kim*
Brian Hauss*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
ksexauer@aclu.org
scarletk@aclu.org
bhauss@aclu.org

*Admitted *Pro Hac Vice*

Zee Scout (BPR# 042637)
Lucas Cameron-Vaughn (BPR# 036284)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Tel: (615) 320-7260
Zscout@aclu-tn.org
Lucas@aclu-tn.org

Matthew Borden
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
borden@braunhagey.com

Marissa R. Benavides
BRAUNHAGEY & BORDEN LLP
200 Madison Ave., 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
Benavides@braunhagey.com

*Attorneys for Plaintiffs Hunter Demster, Jessica Chodor, Kenneth Halt, and Melissa Peeler*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, upon defendants' counsel.

Respectfully Submitted,

*/s/ Faith Gay*
Faith E. Gay (Bar No. 2117117)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com